UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DANIEL L. CARLSON,

        PLAINTIFF,

V.

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION as purchaser of the loans and other assets of WASHINGTON MUTUAL BANK, formerly known as WASHINGTON MUTUAL BANK, FA (THE "SAVINGS BANK") from the FEDERAL DEPOSIT INSUANCE CORP., acting as receiver for THE SAVINGS BANK; WELLS FARGO BANK, NA as Trustee for WAMU MORTGAGE pass through CERTIFICATES SERIES 2005-PR2 TRUST

        DEFENDANTS.

CIVIL NO. 10-272 (PJS/AJB)

**REPORT & RECOMMENDATION**

---

Daniel L. Carlson, 5175 71st Lane, Loretto, MN 55357 (pro se);

Monica L. Davies and Troy M. Parrish, Leonard Street and Deinard, PA, 150 South 5th Street, Suite 2300, Minneapolis, Minnesota 55402 (for Defendants).

---

## I.     INTRODUCTION

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on Plaintiff's Motion for Temporary Restraining Order [Docket No. 8]. A hearing was held on the motion on March 10, 2010. Plaintiff appeared and is acting pro se in this matter.[1] Troy M. Parrish appeared on behalf of Defendants.

---

[1] Plaintiff stated on the record that he had spoken with an attorney and intends to retain an attorney. But, Plaintiff was unable to state when he would secure representation.

For the reasons set forth below, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for a Temporary Restraining Order be **DENIED**.

## II.     FACTUAL BACKGROUND

On November 17, 2004, Plaintiff Daniel Carlson and Kathy Carlson entered into a mortgage with Washington Mutual Bank for $200,000 to refinance prior debt. (Am. Compl. Ex. A, Mar. 2, 2010.) The mortgage was subsequently assigned to Wells Fargo Bank. (Decl. Troy M. Parrish Ex. B, Mar. 8, 2010.) The subject property of the mortgage was Plaintiff's primary residence, located at 5175 71st Lane, Loretto, MN 55357, in Hennepin County. (*Id.* at Ex. D.) Daniel and Kathy Carlson stopped making payments on the mortgage as of January 1, 2009. (Decl. Troy M. Parrish Ex. F., Mar. 8, 2010.)

The mortgage was foreclosed by publication and the premises sold to Wells Fargo Bank by the Sheriff of Hennepin County at a public auction on June 30, 2009. (*Id.* at Ex. B.) Six months passed without redemption being made. (*Id.* at Ex. B.) Wells Fargo Bank brought an eviction action pursuant to Minn. Stat. § 504B.321 on January 20, 2010. (*Id.* at Ex. B.) Plaintiff filed his initial Complaint in this Court on January 29, 2010. [Docket No. 1.] The eviction action was heard by a Housing Court Referee on February 25, 2010. (Decl. Troy M. Parrish at Ex. C.)

Defendants have attached an "Eviction Action–Findings of Fact, Conclusions of Law, Order and Judgment (Minn. Stat. § 504B.345)." (*Id.* at Ex. C.) Under the "Order" section of the "Eviction Action" document, a box entitled "Judgment" is checked. Under the heading "Judgment," the document states: "The Court Administrator shall enter judgment for: . . . Plaintiff for recover of the premises. The Writ of Recovery of Premises and Order to Vacate shall be . . . stayed until 3/4/10." (*Id.* at Ex. C.) At the end of the document, it states in bold "**Let Judgment Be Entered Accordingly**." (*Id.* at Ex. C.) Below this statement is the signature of the

Housing Court Referee as well as Hennepin County District Court Judge James Swenson. (*Id.* at Ex. C.) Below their signatures is the heading "Judgment" and the certification that the "Order constitutes the entry of Judgment of the Court." (*Id.* at Ex. C.) Defendants also provided to the Court an "Order for Review," which states that a hearing on Plaintiff's Notice of Request for Review is scheduled for March 25, 2010. (*Id.* at Ex. D.)

On March 2, 2010, Plaintiff filed an Amended Complaint [Docket No. 7] and Motion for Temporary Restraining Order. [Docket No. 8.] Plaintiff's Amended Complaint describes Plaintiff's request for relief as follows: "Plaintiff seeks rescission of this predatory loan, monetary and statutory damages for Defendants willful and continued violations of federal and state mortgage lending laws and monetary damages allowable by law for violations of the FEDERAL TRUTH IN LENDING ACT, HOEPA, Securitization and Fraud." Plaintiff's Motion for a Temporary Restraining Order requests an order:

1. Directing the Hennepin County Sheriff's Office from serving any notices upon any of the residents of the above named property regarding an eviction.

2. Barring any agents or representatives under the employment of the Defendant from coming onto said property or contacting Plaintiff's in any manner other than in writing.

3. Directing Defendant from taking any further action against Plaintiff or in regard to 5175 71st Lane Property Prohibit, where such action is premised on illegal loan by Defendant.

[Docket No. 9.] Defendant opposes Plaintiff's motion. [Docket No. 10.]

### III. DISCUSSION

#### a. *Rooker-Feldman Doctrine*

Defendants contend that Plaintiff is essentially challenging the eviction judgment entered against him in state court and as a result, his claim is barred by the *Rooker-Feldman* doctrine.

3

> Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to engage in appellate review of state court determinations. Although the state and federal claims may not be identical, impermissible appellate review may occur when a federal court is asked to entertain a claim that is "inextricably intertwined" with the state court judgment.

*In re Goetzman*, 91 F.3d 1173, 1177 (8th Cir. 1996) (citations omitted). A federal claim is "inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id.* (quotation omitted). This Court concludes that *Rooker-Feldman* does not preclude adjudication of Plaintiff's claims in the present action.

Minn. Stat. § 504B.285 provides that the party entitled to a premises may recover possession by eviction "after expiration of the time for redemption on foreclosure of a mortgage." The eviction action was brought pursuant to Minn. Stat. § 504B.345, which provides that "[i]f the court . . . finds for the plaintiff, the court shall immediately enter judgment that the plaintiff shall have recovery of the premises." Minn. Stat. § 504B.345, subd. 1(a). Defendants in this action were plaintiffs in the eviction action. Plaintiff does not dispute that judgment was entered for Defendants in the eviction action.

In Minnesota, eviction proceedings are limited and summary in nature. *Amresco Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445 (Minn. App. 2001) ("Numerous precedents establish the limited nature and scope of an eviction proceeding, which is summary in nature."). "In an [eviction] action . . . the defendant cannot interpose an equitable defense, nor any defense in the nature of a counterclaim." *William Weisman Holding Co. v. Miller*, 152 Minn. 330, 332, 188 N.W. 732, 733 (1922). Thus, in Minnesota, a defendant in an eviction proceeding must initiate a separate proceeding in order to assert equitable defenses or counterclaims. *Amresco*, 631 N.W.2d at 445-46. A defendant in an eviction action who is the plaintiff in the

parallel action can move to enjoin prosecution of the eviction action in the parallel action. *Id.* The Minnesota Court of Appeals has held that when the counterclaims and defenses are necessary to a fair determination of the eviction action, it is an abuse of discretion not to grant a stay of the eviction proceedings when an alternate civil action that involves those counterclaims and defenses is pending. *Bjorklund v. Bjorklund Trucking, Inc.*, 753 N.W.2d 312, 318 -319 (Minn. App. 2008), *rev. denied* (Minn. Sept. 23, 2008).

The *Rooker-Feldman* doctrine does not preclude adjudication of Plaintiff's claims because, as the Minnesota Supreme Court has noted, "[t]he judgment in [an eviction] action merely determines the right to the present possession of the property. It does not determine the ultimate rights of the parties and is not a bar to an action involving the title to the property, nor to an action to maintain or enforce equitable rights therein." *William Weisman Holding Co.*, 152 Minn. at 332, 188 N.W. at 733. In the present case, the eviction judgment was not based upon the adjudication of the issues before this Court. This case represents the parallel action. Thus, the issues before this Court are not "inextricably intertwined" with the state court judgment in the eviction action. *In re Goetzman*, 91 F.3d at 1177.

### b. *Temporary Restraining Order Factors*

Plaintiff's cites *Dahlberg Brothers, Inc. v. Ford Motor Co.*, 272 Minn. 264, 137 N.W.2d 314 (1965), for the factors that this Court must consider in deciding whether to recommend the grant of Plaintiff's motion for a temporary restraining order.

> The Minnesota Supreme Court has outlined the factors that must be shown before a temporary injunction may be issued. Those are: (1) the relationship between the parties before the dispute arose; (2) the harm plaintiff may suffer if the injunction is denied, compared to the harm inflicted on defendant if the injunction is granted; (3) the likelihood that the party will prevail on the merits; (4) public policy considerations; and (5) administrative burdens imposed on the court if the injunction issues.

*M.G.M. Liquor Warehouse Intern., Inc. v. Forsland*, 371 N.W.2d 75, 77 (Minn. App. 1985) (citing *Dahlberg*, 272 Minn. at 274-75 137 N.W.2d at 321-22). Conversely, Defendants cite the factors enunciated within *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Under *Dataphase,* this Court must consider four things: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase*, 640 F.2d at 113.

The United States Supreme Court has suggested that application of Fed. R. Civ. P. 65 may be subject to an analysis pursuant to *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938), if diversity of citizenship is the basis for jurisdiction. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 n.3, 119 S. Ct. 1961, 1968 n.3 (1999). Plaintiff brought a claim pursuant to 15 U.S.C. § 1635 and Plaintiff claims that there is only "Federal Question" jurisdiction. (Am. Compl. 2, Mar. 2, 2010.) Thus, this Court is satisfied that it has jurisdiction pursuant to 28 U.S.C. § 1331. To the extent that Plaintiff may be asserting state claims, Plaintiff's state claims form part of the same case or controversy as his federal claim and this Court has jurisdiction over those claims subject to 28 U.S.C. § 1367. The parties have not briefed this issue of which test should be applied and this Court concludes that it does not need to resolve this issue because Plaintiff's motion fails under both tests.

### i. Likelihood of Success on the Merits

Most significantly, Plaintiff's claims are unlikely to succeed on the merits. First, the Truth in Lending Act (TILA) "permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 419, 118 S. Ct. 1408, 1413 (1998). The loan was executed in 2004 and Plaintiff did not notice Defendants

of Plaintiff's intent to rescind until December 2009 and did not bring suit until January 2010. Plaintiff asserted at the hearing that he was told by an attorney that the statute of limitations period is tolled if there is fraud. Even if Plaintiff successfully pleaded fraud, the Supreme Court's unambiguous holding in *Beach* forestalls the possibility of tolling for rescission under 15 U.S.C. § 1635. *See Taylor v. Money Store*, 42 Fed. Appx. 932, 933 (9th Cir. 2002) ("Equitable tolling does not apply to rescission under this provision of TILA, because '§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period,' even if the lender has never made the required disclosures."). Furthermore, to the extent that Plaintiff is seeking damages for failure to comply with requirements of 15 U.S.C. § 1635, his claims are barred by a one year statute of limitations. 15 U.S.C. § 1640(e). Therefore, Plaintiff's claims exceed the limitations period and as a result, Plaintiff is unlikely to succeed on the merits.

Plaintiff states in the "Request for Relief" section of his Amend Complaint [Docket No. 7] that Defendants violated HOEPA, securitization, and fraud. Assuming that these are distinct claims, Plaintiff cannot succeed on the merits of these remaining claims because Plaintiff has not plead them in a fashion to suggest that he is entitled to relief. Plaintiff has not cited the provision of the Home Ownership and Equity Protection Act of 1994 (HOEPA) that he alleges Defendants violated. This Court cannot discern how it securitization represents a cause of action. This Court understands the concept of securitization. *See* Black's Law Dictionary, *Securitize* (Bryan A. Garner ed. 2004) (defining securitize as "[t]o convert (assets) into negotiable securities for resale in the financial market, allowing the issuing financial institution to remove assets from its books and thereby improve its capital ratio and liquidity while making new loans with the security proceeds"). But this Court cannot discern how any securitization in the present case gave rise to

a cause of action.[2] *Cf. Osantowski v. Option One Mortg. Co.*, No. 09-12079-BC, 2009 WL 4646127, at *6 (E.D. Mich. Dec. 4, 2009) (dismissing a claim premised upon a twenty-five page article by a certified public accountant titled, "Securitization is illegal; RICO, Usury, Antitrust and Tax issues"). Furthermore, Plaintiff has not pleaded fraud with particularity such that this Court or the Defendants can determine the basis for this claim. *See* Fed. R. Civ. P. 9(b). Thus, this Court concludes that Plaintiff is unlikely to succeed on the merits.

*ii. Remaining Factors*

In the present case, Plaintiff and Defendants were parties to a mortgage, wherein Plaintiff was the mortgagor and Defendants were the mortgagees. While there is an economic imbalance between the parties, there is also no dispute as to events of the last year. Plaintiff does not dispute that he received $200,000 and incurred the obligation of making payments to Defendants. Plaintiff does not dispute that he ceased making payments as of January 2009. Plaintiff does not dispute that he received notice that he was in default, notice of the foreclosure sale, and notice of his redemption period. Plaintiff took no action in furtherance of his rights until sending a letter of rescission in December 2009.

While this Court recognizes that there will be harm to Plaintiff if he is evicted, this Court's view of the potential harm to Plaintiff is tempered by the fact that Plaintiff is presently not the owner of the home, Plaintiff has not made payments as the owner or resident of the home in 13 months, and eviction only determines present possession of the residence. Conversely, Defendants have incurred expenses associated with exercising their rights in this matter.

---

[2] Plaintiff cited 15 U.S.C. § 1641 in his amended complaint. While securitization is conceivably comparable to assignment, Plaintiff can only sustain a claim under section 1641 if he can identify a violation against a creditor and the "violation is apparent on the face of the disclosure." 15 U.S.C. § 1641(a). Because Plaintiff has not articulated a basis upon which relief can be granted as to a creditor, this Court cannot discern how an assignee would be liable to Plaintiff.

In the present case, the balance of harms settles in favor of denying Plaintiff's motion. Plaintiff filed his motion for a temporary restraining order after judgment had already been entered in favor of Defendants. While that judgment was stayed, it was only stayed until March 4, 2010. The "Order for Review" in no way further stays the eviction proceedings.[3] Although the procedures anticipate a parallel action, if the purpose of such action is to stay eviction proceedings in order to adjudicate claims underlying the determination of the eviction proceedings then a motion for a temporary restraining order must be brought within the parallel action prior to judgment being entered in the eviction action. Plaintiff failed to do so in the present case. While eviction is a harsh remedy, "[t]he judgment in [an eviction] action merely determines the right to the present possession of the property." *William Weisman Holding Co.*, 152 Minn. at 332, 188 N.W. at 733. Given that Plaintiff can attempt to adjudicate his equitable defenses and counterclaims in the present action, Plaintiff cannot contend that he is subject to "irreparable injury." *Dataphase*, 640 F.2d at 113.

Moreover, the relief that Plaintiff seeks in this matter is rescission of the mortgage transaction. If rescission were granted pursuant to 15 U.S.C. § 1635(b), Plaintiff would be obligated to return the loan amount to Defendants. During questioning on the record, Plaintiff's only basis for believing that he would be able to fulfill this obligation is that he spoke with his father who said that he would help Plaintiff. But, Plaintiff also admitted that he did not tell his father the amount owed. Given that Plaintiff has stated that he cannot presently afford an attorney and he has made no payments on the property since January of 2009, this Court is doubtful that Plaintiff would be able to provide the mandatory security "to pay the costs and

---

[3] Indeed, the form "Order for Review," includes the option that the district court can order that "Issuance of a Writ of Recovery and execution upon judgment [be] temporarily stayed." (Decl. Troy M. Parrish at Ex. D.) The box next to this option is conspicuously not checked.

damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

There is a strong public policy in favor of permitting individuals to remain within a homestead pending adjudication of their claims. Nevertheless, there is an equally strong public policy favoring denial of a motion to stay an eviction where judgment has already been entered and a plaintiff has made no showing that in the past year he sought to find a reputable mortgage counsellor, requested a loan modification, sought to refinance with a new loan, considered reinstatement, requested a forbearance, explored selling the home, or bring a claim to quiet title until the eve of his eviction hearing. *See* From the Office of Minnesota Attorney General Lori Swanson, Facing Mortgage Foreclosure (2009), *available at* http://www.ag.state.mn.us/ Brochures/pubFacingForeclosure.pdf. There is also a strong public policy in favor of letting lenders enforce their rights against delinquent borrowers.

For these reasons, this Court concludes that Plaintiff is not entitled to the relief sought.

### IV. RECOMMENDATION

Based upon the record, memoranda, and oral arguments of Plaintiff and counsel, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for a Temporary Restraining Order be **DENIED**.

Dated:        3/10/2010

                                                                                s/ Arthur J. Boylan
                                                        Magistrate Judge Arthur J. Boylan
                                                        United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written

objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **March 27, 2010**.