# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

DANIEL L. CARLSON,

PLAINTIFF,

V.

JP MORGAN CHASE BANK, NATIONAL
ASSOCIATION, ET AL.,

DEFENDANT(S).

CIVIL NO. 10-272 (PJS/AJB)

**REPORT & RECOMMENDATION**

## I.    PLAINTIFF'S FAILURE TO APPEAR FOR PRETRIAL CONFERENCES

In the Order of Pretrial Conference [Docket No. 18], dated June 22, 2010, this Court ordered, among other things, that "a pretrial conference of trial counsel/pro se plaintiff in the above matter [was to] be held in Chambers 334, 316 North Robert Street, St. Paul, Minnesota, on August 4, 2010, at 9:00 a.m., before Magistrate Judge Arthur J. Boylan to consider the matters set forth in Rule 16(c) and related matters." The Clerk of Court mailed a copy of the Order of Pretrial Conference to Plaintiff Daniel Carlson on June 22, 2010. On July 9, 2010, this Court notified the parties via a text entry on the docket that the Rule 16 Pretrial Conference would be held in Minneapolis rather than St. Paul. [Docket No. 9.] On July 12, 2010, the Clerk of Court mailed a copy of the text entry on the docket to Plaintiff.

Plaintiff did not appear for the Pretrial Conference set for August 4, 2010, at 9:00 a.m. in Minneapolis. Shortly after 9:00 a.m. on August 4, 2010, this Court called the Law Clerks in this Court's St. Paul chambers by telephone and instructed the Law Clerks to inspect the lobby of the third floor of the St. Paul courthouse to determine if Plaintiff inadvertently went to St. Paul

instead of Minneapolis. The Law Clerks searched for and were unable to locate Plaintiff. Plaintiff never contacted the Court to request a new date or time for the Pretrial Conference and this Court has not heard from Plaintiff regarding Plaintiff's absence from the Pretrial Conference. To date, Defendants have complied with all of the requirements of this Court's Order of Pretrial Conference.

Thereafter, on August 5, 2010, this Court issued a Second Order of Pretrial Conference. [Docket No. 21.] The Clerk of Court mailed a copy of Second Order of Pretrial Conference to Plaintiff on the same day. The Order recited the above facts and included a section, entitled "**NOTICE TO PLAINTIFF DANIEL CARLSON**," which stated:

> Pro se litigants are "not excused from complying with substantive and procedural law." *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). <u>**Plaintiff's failure to comply with this and future Orders of this Court may result in sanctions**</u>. These sanctions may include a recommendation of dismissal with prejudice to United States District Court Judge Patrick J. Schiltz.

The Order set a new pretrial conference for August 26, 2010, at 10:30 a.m., before Magistrate Judge Arthur J. Boylan in Chambers 334, 316 North Robert Street, St. Paul, Minnesota. The Order directed that "[a]**t least three days prior to the pretrial conference, <u>Plaintiff</u> shall submit a Letter concerning settlement, which shall remain confidential between the Court and Plaintiff**" and the Order directed that "[n]**o later than August 15, 2010, Plaintiff shall prepare and file with the Clerk of Court a report. A copy of the report shall also be mailed to chambers of this Court, Chambers 334, 316 North Robert Street, St. Paul, Minnesota, 55101, on or before August 15, 2010.**"

On August 26, 2010, Defendants' counsel appeared for the pretrial conference, but there was no appearance by or on behalf of Plaintiff. The Court and Defendants' counsel waited for approximately 20 minutes and then held a hearing on the record. At the hearing, this Court

recited the facts described above and found that Plaintiff had failed to appear for the second noticed hearing. Defendants' counsel stated that she has had no recent contact with Plaintiff and requested that this Court issue a report and recommendation, recommending dismissal of Plaintiff's claims with prejudice because Defendants have twice incurred the expense of securing counsel for pretrial conferences at which Plaintiff has not appeared.

## II.    ANALYSIS

Pro se litigants are "not excused from complying with substantive and procedural law." *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). "A district court may *sua sponte* dismiss an action under Rule 41(b) [of the Federal Rules of Civil Procedure] for the plaintiff's deliberate failure to comply with a court order." *Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006). The court evaluates the facts and circumstances of each case to determine if dismissal for failure to prosecute is warranted. *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). The sanction for failure to comply with court orders must be "proportionate to the litigant's transgression." *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (quotation omitted). Dismissal of an action with prejudice for failure to prosecute is "'a drastic sanction which should be sparingly exercised.'" *Navarro*, 523 F.2d at 217 (quoting *Welsh v. Automatic Poultry Feeder Co.*, 439 F.2d 95, 97 (8th Cir. 1971)). However, the court will bypass lesser sanctions "in the face of a clear record of delay or contumacious conduct by the plaintiff." *Id*. To warrant dismissal with prejudice, there must exist a serious showing of willful "disobedience or intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). "Intentional delay" requires the plaintiff's actions were not "accidental or involuntary." *Rodgers v. Curators of Univ. of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998).

In the present case, Plaintiff has failed to comply with this Court's Order of Pretrial Conference and Second Order of Pretrial Conference: Plaintiff has failed to appear for two

noticed pretrial conferences; Plaintiff has never provided this Court with a confidential settlement letter; and Plaintiff has never provided this Court with a Rule 26(f) report, which would set out Plaintiff's plan for prosecuting his claims. Plaintiff was warned in the Second Order of Pretrial Conference that: "**Plaintiff's failure to comply with this and future Orders of this Court may result in sanctions.** These sanctions may include a recommendation of dismissal with prejudice to United States District Court Judge Patrick J. Schiltz." Plaintiff's actions communicate that he is no longer interested in prosecuting his claims against Defendants; nevertheless, because this Court has heard nothing from Plaintiff in over two months, this Court has no way of knowing why Plaintiff is failing to prosecute his claim. Therefore, this Court recommends dismissal without prejudice in this action.

## III.    RECOMMENDATION

Based upon the record, **IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Defendants be dismissed without prejudice.


Dated:_____8/26/10_____

                                          _____s/ Arthur J. Boylan_____
                                          Magistrate Judge Arthur J. Boylan
                                          United States District Court


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before _____September 6, 2010_____ .